STATE OF NORTH CAROLINA,
v.
GERALD BRYANT MOLIX.
No. COA09-1435.
Court of Appeals of North Carolina.
Filed May 18, 2010.
Attorney General Roy Cooper by Assistant Attorney General Kathryne E. Hathcock, for the State.
Carol Ann Bauer, for Defendant.

UNPUBLISHED OPINION
BEASLEY, Judge.
Defendant Gerald Bryant Molix appeals from judgment entered after a jury found him guilty of driving while impaired. We find no prejudicial error.
In the early morning hours of 3 February 2007, Officer James R. Montgomery of the Charlotte-Mecklenburg Police Department responded to a disturbance call at the Carousel Club, a gentlemen's club, which is located at the corner of Hollis Road and South Boulevard in Charlotte. When Officer Montgomery arrived, a fire truck, ambulance, and other officers were already on the scene. Officer Montgomery parked his patrol car behind the fire truck. His patrol car and the fire truck both had all their lights on. Officer Montgomery positioned himself at the front door of the club in order to monitor the crowd as patrons exited the club. While he was standing at the front door, Officer Montgomery heard somebody yell behind him. He turned around and saw that a silver car had run into the fire truck. The front left corner of the silver car had bumped up against the front left corner of the fire truck. Officer Montgomery walked over to the car and identified himself to the driver. Defendant was the driver of the silver car.
Officer Montgomery observed that Defendant had shiny red eyes, slurred speech, and a very strong odor of alcohol about his person. Officer Montgomery asked Defendant to step out of the vehicle and submit to field sobriety tests. At that point, Defendant did not exit the vehicle and admitted he should not have been drinking, driving or watching naked girls. Officer Montgomery placed Defendant under arrest and transported him to the Intake Center at the Mecklenburg County Jail for a chemical analysis of his breath.
Deputy P.G. Newsom, a licensed chemical analyst employed by the Mecklenburg County Sheriff's Office, informed Defendant of his rights at 4:30 a.m. Defendant indicated he understood his rights, but refused to sign the form. As the charging officer, Officer Montgomery requested Defendant submit to a chemical analysis. Defendant submitted to a chemical analysis and registered a blood alcohol concentration of .25 on the Intoxilyzer 5000.
Defendant's sole argument on appeal is that the trial court erred in allowing his mugshot into evidence because it was irrelevant and because the prejudicial effect of this photograph outweighed its probative value. Deputy Newsom testified that after administering the test, he completed paperwork and gave copies to the arresting officer and the processing clerk. A copy of Defendant's picture, taken when Defendant was arrested and fingerprinted, was kept with the paperwork. At trial, Defendant's picture was admitted into evidence over Defendant's objection. Defendant argued the picture was irrelevant and inadmissible.
Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C. Gen. Stat. § 8C-1, Rule 401 (2009). Generally, all relevant evidence is admissible. N.C. Gen. Stat. § 8C-1, Rule 402 (2009). However, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." N.C. Gen. Stat. § 8C-1, Rule 403 (2009).
In this case, Defendant's identity was not at issue. He was in court and Officer Montgomery identified him. Therefore, we agree that Defendant's mugshot was irrelevant and inadmissible.
However, "[e]ven if the complaining party can show that the trial court erred in its ruling, relief ordinarily will not be granted absent a showing of prejudice." State v. Herring, 322 N.C. 733, 749, 370 S.E.2d 363, 373 (1988).
A defendant is prejudiced by errors . . . when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises. The burden of showing such prejudice under this subsection is upon the defendant.
N.C. Gen. Stat. § 15A-1443(a) (2009).
The State presented evidence that Officer Montgomery observed Defendant to have slurred speech and a strong odor of alcohol. Officer Montgomery also found five empty beer cans and two empty "airplane" size bottles of alcohol in the passenger side floorboard of Defendant's car. Moreover, Defendant admitted to drinking and registered a .25 on the Intoxilyzer 5000. "In light of the overwhelming evidence of defendant's guilt we cannot see how admission of this evidence could possibly have influenced the outcome of the trial." State v. Freeman, 313 N.C. 539, 548, 330 S.E.2d 465, 473 (1985). Accordingly, we find no prejudicial error in Defendant's trial.
No prejudicial error.
Judges STEPHENS and ERVIN concur.
Report per Rule 30(e).